### Case No. 4,578.

EVERETT v. THATCHER et al.

[2 Flip. 234; 3 Ban. & A. 435; 16 O. G. 1046; Merw. Pat. Inv. 254; 7 Am. Law Rec. 197.][1]

Circuit Court, N. D. Ohio. Sept. Term, 1878.

---

[1] [Reported by William Searcy Flippin, Esq., and by Hubert A. Banning, Esq., and Henry Arden, Esq., and here compiled and reprinted by permission. Syllabus from 3 Ban. & A. 435; statement and opinion, except as otherwise noted, from 2 Flip. 234.]

Wm. Lawrence and Willey, Sherman & Hoyt, for complainant.

A. T. Brewer and Mr. Kaiser, for defendants.

Before BAXTER, Circuit Judge, and WEL-KER, District Judge.

BAXTER, Circuit Judge. When this case was before us in March last, we inspected the model of the invention and intimated an opinion adverse to complainant. But his counsel are now insisting that we ought not to base our judgment in this case upon a personal inspection of the model, because they say it is not one of the things of which the court can take judicial notice. The proposition is certainly correct. We cannot take judicial notice of the model, nor have we assumed to do so. The patent is prima facie evidence of its own validity, and if nothing more appeared in the case, we would declare it valid and protect it against infringement. But it is only prima facie good and not conclusive. The responsibility of adjudicating it valid or invalid is with the court, and we must do this upon legitimate evidence legally adduced in the case. The model is competent evidence, and has been exhibited as such by the complainant.

If the court is not authorized to inspect and pass judgment upon it, why is it introduced? It is a prevalent, if not universal, practice for the courts in litigation of this character to examine such models. And why may they not do so? Witnesses may be called to examine models of inventions as experts and give their opinions of their merits. And may

not judges, upon whom the law imposes the duty and responsibility of deciding the question, exercise their natural senses in the same way and to the same extent? It seems to us that judges, sitting in judgment upon the law and the facts, and called upon to decide whether a piece of coin offered in evidence and produced to the court is genuine or spurious, are at liberty to examine the coin for themselves, and apply such tests as are ordinarily applied, and exercise their own judgment in the determination of the question, and in doing so, they would not be exceeding their judicial functions, because the coin thus exhibited is made evidence before them. And if it were made a question of fact, whether a yard-measure produced before a court was greater or less than the legal length, the court would have the right to decide the disputed fact by an actual measurement. And if it is competent for a court to inspect a piece of coin or measure a yardstick offered in evidence, may we not with equal propriety and under the same rules of evidence examine the model exhibited in evidence by the parties to this suit? The decisions of the supreme court afford numerous instances of criticisms of models exhibited before that court. The model offered in this case is not so complex as to be beyond the comprehension of the court. It is simply a piece of weather-boarding, grooved on one edge and beveled on the other. The invention is not such a new and useful improvement in that branch of mechanism as in our judgment makes it patentable. It, therefore, belongs to the public, and we think the complainant has not acquired such an exclusive right as entitles him to the protection of this court.

There is, however, other testimony on file showing the state of the art, at the time which supports the view we have taken. But as we are entirely satisfied, from the personal inspection we have made, that the pretended invention is not patentable; we are content to rest our judgment on this evidence alone, and do not, therefore, desire to hear the evidence read. But in order to preserve the rights of defendants, we will consider it as having been read and as a part of the files of the case.

It has been urged that the patent involved has been adjudged valid by the circuit court of the United States for the western district of Pennsylvania, and this adjudication is relied on as authority here. The judgment of that court, if based upon a bona fide contest, and after careful consideration, would be entitled to great respect. But, as we are advised, that judgment was rendered on a pro confesso without answer or hearing, and upon the *complainant's* statement of his case. Such decrees are rendered upon mere motion, without investigation, and are not such adjudications as to preclude full inquiry by us.

A decree will be entered dismissing complainant's bill with costs.